IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MELISSA BURNS BURR,

                  Plaintiff,          Case No. 23-2524-DDC-BGS

v.

T-MOBILE USA, INC.,

                  Defendant.

## MEMORANDUM AND ORDER

Plaintiff Melissa Burns Burr sued her former employer, defendant T-Mobile USA, Inc., for failing to accommodate her disability—a back impairment affecting plaintiff's ability to stand and walk. Doc. 7. Plaintiff asserted five claims under the Americans with Disabilities Act,[1] 42 U.S.C. §§ 12101–213. But only one claim is pertinent to the current motion. It's Count IV, asserting defendant violated the ADA by failing to engage in the interactive process. That claim is challenged by defendant's Motion to Dismiss under Fed. R. Civ. P. 12(b)(6). Doc. 8. It asserts that plaintiff fails to state a claim in Count IV because the Tenth Circuit doesn't recognize failure to engage in the interactive process as an independent cause of action. The court agrees, so it grants defendant's motion for reasons explained below.

---

[1]    The ADA Amendments Act of 2008 ("ADAAA") amended the ADA and "went into effect on January 1, 2009." *Dewitt v. Sw. Bell Tel. Co.*, 845 F.3d 1299, 1303–04 n.1 (10th Cir. 2017) (citation omitted). Here, the "events that form the basis for [plaintiff's] disability-related claims occurred after this date; therefore, the ADAAA is technically applicable here." *Id.* So, the court "refer[s] to [plaintiff's] disability-related claims . . . as claims alleging violations of the ADAAA." *Id.* Also, as our Circuit has noted, the 2008 amendments "primarily" revised "the ADA's definition of 'disability.'" *Id.* But here, these "revisions are not material to the disability issues" presented by plaintiff's claims. *Id.* So, the court "freely rel[ies] on authorities prior to ADAAA's effective date that apply and construe the ADA, insofar as they are relevant." *Id.*

**I.   Background**

The following facts come from the Amended Complaint. They control the current motion.

Plaintiff Melissa Burns Burr worked for defendant T-Mobile USA, Inc. ("T-Mobile") from December 2021 to January 2023. Doc. 7 at 3 (Am. Compl. ¶ 14). Plaintiff experiences back impairment which limits her ability to stand and walk. *Id.* (Am. Compl. ¶ 16). Despite this impairment, plaintiff could perform her job's essential functions. *Id.* (Am. Compl. ¶ 17). In spring 2022, plaintiff experienced significant back issues which required her to sit occasionally at work. *Id.* (Am. Compl. ¶ 20). Plaintiff's store manager allowed her to use a chair while at work. *Id.* at 5 (Am. Compl. ¶ 38). But plaintiff lacked a designated chair. *Id.* (Am. Compl. ¶ 42). So, sometimes plaintiff had to stand or ask trainees to give up their seat—a request which required plaintiff to divulge her medical condition to her co-workers. *Id.* (Am. Compl. ¶¶ 42–44). Other times, plaintiff's manager would move her chair when plaintiff left the sales floor. *Id.* at 10 (Am. Compl. ¶ 93). Sitting didn't prevent plaintiff from performing the essential functions of her job. *Id.* at 4 (Am. Compl. ¶ 26).

Plaintiff informed defendant that she needed an accommodation—access to a chair so she occasionally could sit while working. *Id.* at 3 (Am. Compl. ¶ 21). Defendant denied the accommodation, reasoning that it would impose undue burden and prevent plaintiff from fulfilling her essential job functions. *Id.* at 4 (Am. Compl. ¶¶ 24, 32). Defendant then suggested that plaintiff take leave. *Id.* (Am. Compl. ¶ 28). Plaintiff ultimately used short term leave for another, unrelated medical issue in July 2022. *Id.* at 7 (Am. Compl. ¶ 58). Following this leave, defendant required plaintiff to start over on her accommodation request. *Id.* (Am. Compl. ¶¶ 63, 66). Plaintiff filed a new claim, but defendant neither granted her request nor engaged in interactive discussions about plaintiff's accommodation. *Id.* at 8 (Am. Compl. ¶ 68). So, in

October 2022, plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against defendant for discrimination based on her disability and for retaliation. *Id.* (Am. Compl. ¶ 70); Doc. 7-1 (First EEOC Compl.). Plaintiff's effort to secure an accommodation continued.

In January 2023, defendant required plaintiff to file yet another accommodation claim and participate in an independent medical exam. Doc. 7 at 8, 9 (Am. Compl. ¶¶ 71, 82). Plaintiff filed a third claim but refused to participate in the medical exam because she viewed it as retaliatory after her EEOC complaint. *Id.* at 8, 9 (Am. Compl. ¶¶ 72, 86–87). Eventually, plaintiff resigned from her employment with defendant—though plaintiff alleges defendant constructively discharged her. *Id.* at 11 (Am. Compl. ¶¶ 100, 103). At no point did defendant fully resolve plaintiff's accommodation requests. *Id.* (Am. Compl. ¶ 101). After resigning, plaintiff filed a second Charge of Discrimination against defendant for discriminating against her based on her disability and for retaliation. Doc. 7-3 at 1–2 (Second EEOC Compl.). The EEOC dismissed both of plaintiff's charges. Doc. 7-2 at 1 (First EEOC Dismissal); Doc. 7-4 at 1 (Second EEOC Dismissal). In November 2023, plaintiff sued defendant in this action asserting her claims under the ADA. Doc. 1.

In response, defendant filed the present Motion to Dismiss Count IV (Doc. 8) under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. The court now reviews this motion, beginning by reciting the governing legal standard.

**II.      Legal Standard**

Rule 12(b)(6) allows an opposing party to seek dismissal of a pleading that "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662,

3

679 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556); *see also Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1192 (10th Cir. 2009) ("The question is whether, if the allegations are true, it is plausible and not merely possible that the plaintiff is entitled to relief under the relevant law." (citation omitted)).

When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must assume that the factual allegations in the complaint are true. *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 555). But the court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice'" to state a claim for relief. *Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). Also, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted).

**III.    Analysis**

Defendant asks the court to dismiss Count IV of the Amended Complaint because the Tenth Circuit doesn't recognize failure to engage in the interactive process as an independent cause of action under the ADA. Doc. 9 at 2–3. Plaintiff thus fails to state a claim for Count IV, according to defendant, "because it is impossible for Plaintiff to allege any facts to support this non-existent cause of action." *Id.* at 1. The caselaw supports defendant's view.

"When an employee requests an accommodation for a qualifying disability, the Americans with Disabilities Act requires employers to participate in an 'interactive process' with

the employee to determine a mutually suitable accommodation." *Brigham v. Frontier Airlines, Inc.*, 57 F.4th 1194, 1201 (10th Cir. 2023) (citation omitted).  "But the failure to engage in an interactive process is not independently actionable under the Act." *Id.*; *see Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1207 n.29 (10th Cir. 2018) ("[A]n employee cannot maintain a failure to accommodate claim based solely on an employer's failure to engage in the interactive process."). "Despite its importance, . . . the interactive process is only a means to an end." *Valdez v. McGill*, 462 F. App'x 814, 819 (10th Cir. 2012) (citation and internal quotation marks omitted).

Plaintiff responds, arguing that Count IV aligns with this caselaw.  But this response ignores *Brigham*'s explicit holding, concluding in plain language that failing to engage in the interactive process isn't an independent cause of action.  Hoping to avoid *Brigham*'s barrier to her claim, plaintiff quibbles about the meaning of *Lincoln*.  Under plaintiff's reading of the case, *Lincoln* precludes a claim "based solely" on failure to engage in the interactive process.  But it permits claims, plaintiff argues, where plaintiff can show that (1) defendant failed to engage in the interactive process *and* (2) a reasonable accommodation was possible.  Doc. 14 at 2.  So, plaintiff's claim here, she reasons, isn't "based solely" on defendant's failure to engage in the interactive process because plaintiff also alleged that a reasonable accommodation was possible. That is, plaintiff could sit while she worked.  *Id.*

But plaintiff misunderstands *Lincoln*.  There, the Tenth Circuit held that "an employee cannot maintain a failure to accommodate claim based solely on an employer's failure to engage in the interactive process." *Lincoln*, 900 F.3d at 1207 n.29.  It then cited *Smith v. Midland Brake, Inc.*, for that case's holding that plaintiff wasn't entitled to recovery unless he could show, in addition to defendant's failure to engage in the interactive process, that a reasonable accommodation was possible.  180 F.3d 1154, 1174 (10th Cir. 1999).  Importantly, *Smith*

required this twofold showing in the context of a failure to accommodate claim. Here, plaintiff brings a claim for failure to engage in the interactive process; her failure to accommodate claim is an altogether separate claim. *Smith* demonstrates that a defendant's failure to engage in the interactive process is one prong of a failure to accommodate claim. But it's not an independent cause of action capable of standing on its own. *See, e.g.*, *Freeman v. City of Cheyenne*, No. 23-8022, 2024 WL 464069, at *3 (10th Cir. Feb. 7, 2024) (holding in the context of a failure to accommodate claim "that even if an employer does not engage in the interactive process, a plaintiff cannot survive summary judgment unless she can *also* show that a reasonable accommodation was possible"); *Dansie v. Union Pac. R.R. Co.*, 42 F.4th 1184, 1194 n.2 (10th Cir. 2022) (addressing failure to accommodate claim and explaining that "failure to engage in the interactive process is not a standalone claim" and requiring plaintiff to show that employer failed to engage in interactive process and that a reasonable accommodation was possible).

In sum, the Tenth Circuit doesn't recognize failure to engage in the interactive process as a cause of action recognized by the ADA. *Brigham*, 57 F.4th at 1201; *Lincoln*, 900 F.3d at 1207, n.29. And plaintiff's allegation that a reasonable accommodation was available doesn't alter that rule. The court thus grants defendant's Motion to Dismiss Count IV (Doc. 8) because plaintiff can't state a claim for an unrecognized right.

**IV.        Conclusion**

The court grants defendant's Motion to Dismiss Count IV (Doc. 8) with prejudice. "A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile." *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) (citation omitted). Here, the court appropriately dismisses Count IV with prejudice because plaintiff could allege no facts to revive her nonexistent claim for failure to engage in the interactive process.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's Motion to Dismiss Count IV (Doc. 8) is granted.

**IT IS SO ORDERED.**

**Dated this 15th day of July, 2024, at Kansas City, Kansas.**

<u>s/ Daniel D. Crabtree</u>
**Daniel D. Crabtree**
**United States District Judge**